IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR F 08-0239 LJO |
| Plaintiff-Appellee, | **ORDER ON JOINT MOTION** (Doc. 23) |
| vs. | |
| RAFAEL O. RAMIREZ, | |
| Defendant-Appellant. | |

## BACKGROUND

Through this appeal, defendant Rafael O. Ramirez ("Mr. Ramirez") sought reversal of United States Magistrate Judge Gary S. Austin's ("magistrate judge's" or "trial court's") denial of his motion for judgment of acquittal. At a July 17, 2008 bench trial, the trial court found Mr. Ramirez guilty of a violation of 36 C.F.R. §4.2(b), which assimilates California Vehicle Code §14601.2(b) (operating a motor vehicle in Sequoia/Kings Canyon National Park while his driving privilege was restricted). Judgment and sentence were entered on July 24, 2008.

Mr. Ramirez appealed the trial court's judgment on two grounds: (1) the Government did not prove that Mr. Ramirez had "actual knowledge" that his driving privilege was restricted; and (2) during the trial, the Government failed to identify him as the person who drove the vehicle.

Rather than oppose Mr. Ramirez's appeal, the Government and Mr. Ramirez submitted a joint motion requesting this Court to:

1. vacate the trial court's judgment;
2. substitute a new judgment for violation of a lesser included offense of driving without a valid license, in violation of 36 C.F.R. §4.2(b) and Cal. Veh. Code §12500;
3. impose the same sentence; and
4. report the new judgment to the California Department of Motor Vehicles.

**JOINT MOTION ON APPEAL**

The parties reached an agreed upon resolution to the pending appeal. On Ground One of the appeal, Mr. Ramirez contended that there was insufficient evidence that he received actual notice of the restrictions on his driving license. The parties agree that actual notice is an element of California Vehicle Code Section 14601.2(b), as assimilated in the National Parks under 36 Code of Federal Regulations Section 4.2(b). The parties agree further that actual notice is not an element of the lesser included offense of driving without a valid license, in violation of California Vehicle Code Section 12500, as assimilated in the National Parks under 36 Code of Federal Regulations Section 4.2(b). *People v. Spence*, 125 Cal. App. 4th 710 (2005).

The parties jointly move that this Court grant the following relief:

1. Vacate the trial court's judgment;
2. Substitute a new judgment for a violation of a lesser included offense of driving without a valid license, in violation of 36 C.F.R. §4.2(b) and Cal. Veh. Code §12500;
3. Impose the same sentence; and
4. Report the new judgment to the California Department of Motor Vehicles.

If the Court grants the requested relief, Mr. Ramirez will knowingly and voluntarily waive his Constitutional and statutory rights to appeal his plea and conviction. This waiver includes, but is not limited to, an express waiver of Mr. Ramirez's right to appeal his plea and conviction on any ground, including any appeal right conferred by 18 U.S.C. §3742. Mr. Ramirez further agrees not to contest his plea and conviction in any post-conviction proceeding, including, but not limited to a proceeding under 28 U.S.C. §2255.

**DISCUSSION**

This Court has jurisdiction over this appeal pursuant to 18 U.S.C. §3402, which reads: "In all cases of conviction by a United States magistrate judge an appeal of right shall lie from the judgment of the magistrate judge to a judge of the district court..." *United States v. Diaz*, 499 F.2d 113 (9th Cir. 1974); *see also United States v. Sweeney*, 914 F.2d 1260 (9th Cir. 1990) (magistrate judge's order appealable to district court). Under appellate review by a district court, Mr. Ramirez "is not entitled to a trial de novo...The scope of the appeal is the same as in an appeal to the court of appeals from a

judgment entered by a district judge." Fed. R. Crim. P. 58(g)(2)(D). *United States v. Acri Wholesale Grocery Co.*, 409 F. Supp. 529 (S.D. Iowa 1976); *United States v. Welsh*, 384 F. Supp. 531 (D.C. Kan. 1974). Acting as an appellate court, this Court has the power to "affirm, modify, vacate, set aside or reverse" the magistrate judge's order and "may remand the cause and direct the entry of such appropriate judgment, decree or order, or require such further proceedings to be has as may be just under the circumstances." 28 U.S.C. §2106.

Having considered the appellant's brief and the parties' joint motion, this Court finds that it is appropriate to vacate the trial court's judgment, in accordance with the parties' written agreement. This Court will remand this action to the trial court to conduct further proceedings in accordance with the parties' joint motion on appeal, as the trial court is most familiar with the proceedings in this case. This Court retains jurisdiction over this matter until the appeal is fully resolved, either by stipulation, motion, or disposition by this Court.

## **CONCLUSION**

For the foregoing reasons, this Court:

1. VACATES the trial court's judgment;
2. REMANDS this action to the trial court with instructions to enter judgment according to the parties' agreement, as described in the Joint Motion on Appeal, filed on December 19, 2008, at an oral hearing to be set by the magistrate judge and to take place in January 2009;
3. VACATES the January 16, 2009 oral argument with this Court on this appeal; and
4. ORDERS the parties, no later than five (5) court days after the January 2009 hearing with the trial court, to file either a joint status report or papers to dispose of this appeal.

IT IS SO ORDERED.

**Dated:   December 22, 2008**              /s/ Lawrence J. O'Neill
                                            UNITED STATES DISTRICT JUDGE